1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   KRIS KASZUBA, et al.,                          CASE NO. 11CV129 DMS (NLS)

12                              Plaintiffs,          **ORDER DENYING PLAINTIFFS'**
                      vs.                            ***EX PARTE* APPLICATION FOR A**
13                                                   **TEMPORARY RESTRAINING**
                                                     **ORDER**
14   FIDELITY NATIONAL DEFAULT
     SERVICES, et al.,
15                              Defendants.

16

17       This case comes before the Court on Plaintiffs' *ex parte* application for a temporary restraining

18   order ("TRO") and an order to show cause why a preliminary injunction should not be issued

19   preventing Defendants from foreclosing on or selling Plaintiffs' residence.  Plaintiffs included their

20   application as a claim for relief in their Complaint.  It does not appear that Defendants have yet been

21   served.  For the reasons set forth below, Plaintiffs' application is denied.

22       The purpose of a temporary restraining order is to preserve the status quo before a preliminary

23   injunction hearing may be held; its provisional remedial nature is designed merely to prevent

24   irreparable loss of rights prior to judgment.  *See Granny Goose Foods, Inc. v. Brotherhood of*

25   *Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)(noting a temporary restraining order is

26   restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just

27   so long as is necessary to hold a hearing, and no longer").  Injunctive relief is "an extraordinary remedy

28   that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v.*

1   *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008).  The standard for issuing a

2   temporary restraining order is identical to the standard for issuing a preliminary injunction.  *Lockheed*

3   *Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A party

4   seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to

5   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

6   that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Am.*

7   *Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter,* 129 S.

8   Ct. at 374).

9     Here, Plaintiffs have shown a possibility of irreparable harm in the potential loss of their

10  residence.  However, Plaintiffs have not demonstrated they are likely to succeed on the merits of any

11  of their claims.  Further, Plaintiffs do not address whether the balance of equities tips in their favor or

12  if the injunction is in the public interest.  In the absence of a showing of these elements, Plaintiffs are

13  not entitled to a TRO.  Accordingly, Plaintiffs' application is denied.

14    **IT IS SO ORDERED.**

15  DATED:  January 24, 2011

16

17             HON. DANA M. SABRAW

18             United States District Judge

19

20

21

22

23

24

25

26

27

28

11cv129