# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS KASZUBA, et al., <br><br> Plaintiffs, <br> vs. <br><br> FIDELITY NATIONAL DEFAULT SERVICES, et al., <br><br> Defendants. | CASE NO. 11CV129 DMS (NLS) <br><br> **ORDER GRANTING PLAINTIFFS' AMENDED *EX PARTE* MOTION FOR A PRELIMINARY INJUNCTION** |

This case comes before the Court on Plaintiffs' amended *ex parte* motion for a preliminary injunction preventing Defendants from foreclosing on or selling Plaintiffs' residence. For the following reasons, Plaintiffs' motion for a preliminary injunction is granted.

## I.
## BACKGROUND

This case involves a loan obtained by Plaintiffs, which is secured by a Deed of Trust on their property. A foreclosure sale was scheduled for February 4, 2011. (Complaint at 1.) On January 21, 2011, Plaintiffs filed a Complaint against Defendants Fidelity National Default Services, OCTFCU Mortgage Co. LLC, and Schools First Federal Credit Union. (Doc. 1.) The Complaint sets forth eight claims for relief: (1) unfair and deceptive practices, (2) negligence, (3) breach of fiduciary duties, (4) fraud, (5) predatory lending practices, (6) to set aside and vacate the trustee's sale, (7) rescission of the Deed of Trust, and (8) application for a temporary restraining order ("TRO"). Plaintiffs included

1 an application for a TRO and an order to show cause why a preliminary injunction should not be issued
2 as a claim for relief in their Complaint.  On January 24, 2011, the Court issued an Order denying
3 Plaintiffs' application for a TRO on the basis that Plaintiffs had failed to demonstrate a likelihood of
4 success on the merits of their claims and had failed to address whether the balance of equities tips in
5 their favor and whether the injunction is in the public interest. (Doc. 2.)  On February 2, 2011,
6 Plaintiffs filed an amended motion for a TRO and a preliminary injunction, seeking this Court's order
7 enjoining the foreclosure sale.  (Doc. 4.)  The Court issued an Order on February 4, 2011 granting
8 Plaintiffs' amended motion for a TRO and ordering Defendants to show cause, on or before February
9 8, 2011, why a preliminary injunction should not be issued enjoining Defendants from taking such
10 actions until termination of this case.  (Doc. 5.)  The Court scheduled a hearing on Plaintiffs' motion
11 for a preliminary injunction for February 10, 2011 at 1:30 p.m.  Plaintiffs Kris Kaszuba and Antonia
12 Bebar-Kaszuba appeared at the hearing.  Defendants did not appear.

## II.

## DISCUSSION

**A.    Preliminary Injunction Standard**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008).  A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter,* 129 S. Ct. at 374).  With respect to the showing a plaintiff must make regarding his chances of success on the merits, the Ninth Circuit applies a sliding scale approach. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010).  Under the sliding scale approach, the elements of the preliminary injunction test are balanced and, where a plaintiff can make a stronger showing of one element, it may offset a weaker showing of another. *Id*. "Therefore, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of

1  irreparable injury and that the injunction is in the public interest." *Id.* at 1053.

2  For the reasons set forth in the Court's February 3 Order, the Court finds Plaintiffs have shown
3  each of the elements necessary for the issuance of a preliminary injunction.

4  **B.     Notice**

5  Under Federal Rule of Civil Procedure 65(a)(1), "[t]he Court may issue a preliminary
6  injunction only on notice to the adverse party." Defendants have not yet appeared in this action and
7  did not appear at the hearing on Plaintiffs' motion for a preliminary injunction. However, Plaintiffs
8  filed with the Court Declarations of Service indicating each of the Defendants was served with a copy
9  of the Court's Order Granting Plaintiffs' Amended Application for A Temporary Restraining Order
10 on February 3, 2011 by a professional process server. (Docs. 12-14.) Accordingly, the Court is
11 satisfied Defendants were given notice of Plaintiffs' motion for a preliminary injunction and the
12 hearing scheduled thereon.

13 **C.     Bond**

14 Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction
15 or a temporary restraining order only if the movant gives security in an amount that the court considers
16 proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined
17 or restrained." Accordingly, Plaintiffs shall post a bond in the amount of $1,500.00 by 5:00 p.m. on
18 February 18, 2011.

19                                              **IV.**
20                                         **CONCLUSION**

21 For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is granted.
22 Defendants and their agents, employees, representatives, successors, partners, assigns, and any and all
23 acting in concert or participation with them are enjoined from transferring, dispersing, encumbering,
24 //
25 //
26 //
27 //
28 //

1 or otherwise dissipating Plaintiffs' real property located at 3857 Pell Place, Unit # 301, San Diego,
2 California 92130.  Plaintiffs shall forthwith serve a copy of this Order upon all Defendants.
3    **IT IS SO ORDERED.**
4 DATED:  February 10, 2011

HON. DANA M. SABRAW
United States District Judge