1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11

KRIS KASZUBA, et al.,

12

Plaintiffs,

vs.

13

14

FIDELITY NATIONAL DEFAULT
SERVICES, et al.,

15

Defendants.

16

CASE NO. 11CV129 DMS (NLS)

**ORDER GRANTING
DEFENDANTS' MOTIONS TO
SET ASIDE ENTRY OF DEFAULT
AND DENYING AS MOOT
PLAINTIFFS' MOTIONS FOR
DEFAULT JUDGMENT**

17       Pending before the Court are (1) Defendants OCTFCU Mortgage Co. LLC ("OCTFCU") and

18   Schools First Federal Credit Union's ("SFFCU") motion to set aside entry of default, (2) Defendant

19   Fidelity National Default Services's ("Fidelity National") motion to set aside entry of default, and (3)

20   Plaintiffs' motions for default judgment against all Defendants. (Docs. 27, 30-32.) For the following

21   reasons, Defendants' motions to set aside entry of default are granted and Plaintiffs' motions for

22   default judgment are denied as moot.

23                                           **I.**

24                                  **BACKGROUND**

25       This case involves a loan obtained by Plaintiffs on or about September 28, 2005, which is

26   secured by a Deed of Trust on their property. (Complaint at ¶ 10.) The loan was funded by OCTFCU,

27   a former affiliate of SFFCU. (*Id.*) Plaintiffs eventually defaulted on the loan and received a Notice

28   of Default on July 16, 2010. (*Id.* at ¶ 14.) The Notice of Default also included a Substitution of

1  Trustee substituting in Fidelity National as the Trustee.  The Substitution of Trustee was signed on

2  October 21, 2010 by SFFCU, as successor in interest to OCTFCU.  (*Id.* at ¶ 15.)  However, it was

3  notarized on October 19, 2010.  (*Id.*)  A Notice of Sale was posted on the front of the complex in

4  which Plaintiffs' property is located on January 11, 2011 by Fidelity National, although it was dated

5  January 13, 2011.  (*Id.*)  A foreclosure sale was scheduled for February 4, 2011.  (*Id.* at 1.)

6  On January 21, 2011, Plaintiffs filed a Complaint against Defendants Fidelity National,

7  OCTFCU, and SFFCU.  (Doc. 1.)  The Complaint sets forth eight claims for relief: (1) unfair and

8  deceptive practices, (2) negligence, (3) breach of fiduciary duties, (4) fraud, (5) predatory lending

9  practices, (6) to set aside and vacate the trustee's sale, (7) rescission of the Deed of Trust, and (8)

10  application for a temporary restraining order ("TRO").  On January 24, 2011, the Court issued an

11  Order denying Plaintiffs' application for a TRO. (Doc. 2.)  On February 2, 2011, Plaintiffs filed an

12  amended motion for a TRO and preliminary injunction, seeking this Court's order enjoining the

13  foreclosure sale.  (Doc. 4.)  The Court issued an Order on February 4, 2011 granting Plaintiffs'

14  amended motion for a TRO and ordering Defendants to show cause, on or before February 8, 2011,

15  why a preliminary injunction should not be issued enjoining Defendants from taking such actions until

16  the termination of this case.  (Doc. 5.)  The Court scheduled a hearing on Plaintiffs' motion for a

17  preliminary injunction for February 10, 2011 at 1:30 p.m.  Plaintiffs appeared at the hearing, but

18  Defendants did not.  The Court issued an Order granting Plaintiffs' motion for a preliminary injunction

19  on February 10, 2011.  (Doc. 16.)

20  On March 14, 2011, upon request by Plaintiffs, the Clerk entered default as to each of the

21  Defendants.  (Doc. 23.)  OCTFCU and SFFCU filed a motion to set aside entry of default on April 4,

22  2011.  (Doc. 27.)  On April 26, 2011, Plaintiffs filed motions for default judgment as to each of the

23  Defendants.  (Doc. 30, 31.)  On May 5, 2011, Fidelity National filed a motion to set aside entry of

24  default.  (Doc. 32.)

25                                               **II.**

26                                        **DISCUSSION**

27  **A.      Motions to Set Aside Entry of Default**

28  Entry of default may be set aside for good cause.  Fed. R. Civ. Pro. 55(c).  The court examines

three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001); *Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court can deny the motion if consideration of any of the three factors weighs in favor of maintaining the default. *Franchise Holding*, 375 F.3d at 926 (citing *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). The defaulting party bears the burden of showing the default should be set aside. *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)(quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). A court's discretion to set aside a default is "especially broad" where an entry of default, as opposed to a default judgment, is being set aside.. *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

Here, the circumstances are not sufficiently extreme to warrant the drastic step of default judgment. A consideration of the factors relevant to determining whether good cause exists further supports setting aside the defaults entered against Defendants.

A defendant's actions may be culpable where "he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer" and where he or she acts "with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 697-99 (quotation omitted; emphasis in original). "[A] movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). Here, all Defendants argue their actions were not culpable because they did not believe they were properly served with the Complaint in this action and therefore elected not file responsive pleadings.[1]

---

[1] In issuing this Order, the Court does not reach the issue of whether service of the Summons and Complaint on Defendants was proper.

SFFCU claims it did not believe it was properly served with the Summons and Complaint, which were left with Cecilia Reyes, a Member Service Representative working at the front desk of SFFCU's Santa Ana office. SFFCU contends it first became aware that there was any contention that it had been properly served with legal process in this matter when it was served with a copy of Plaintiffs' request for entry of default. SFFCU claims to have then immediately begun investigating the matter and to have filed its motion to set aside the entry of default within several weeks. OCTFCU argues it did not believe it was properly served because its registered agent was never served, although the Court notes Plaintiffs have filed a certificate of service indicating service was made at the same address listed for the registered agent. Fidelity National states it believed it had not been properly served because Mr. Seidenwurm was not personally served and because Plaintiffs delivered copies of the Summons and Complaint themselves. Plaintiffs have submitted declarations indicating service was made by a professional process server and copies were given directly to Mr. Seidenwurm. Plaintiffs further argue Defendants had knowledge of the action, received notice of the Summons and Complaint, and failed to respond out of inexcusable neglect due to lack of management and organizational skills. However, this does not sufficiently establish Defendants' actions were culpable. There is no evidence that Defendants acted in bad faith or willfully delayed their responses to prejudice Plaintiffs. Accordingly, consideration of this factor weighs in support of setting aside the defaults.

A party seeking to vacate entry of default must present specific facts that would constitute a defense, but the burden is not extraordinarily heavy. *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. The Court does not determine the truth of the factual allegations on a motion to set aside entry of default, as such question is properly the subject of later litigation. *Id.* SFFCU and OCTFCU submit a draft motion to dismiss in support of their motion to set aside default, in which they argue this Court does not have subject matter jurisdiction over the action due to the lack of diversity among the parties and the absence of a federal question.[2]

---

[2] Defendants OCTFCU and SFFCU request the Court to set a hearing date on the draft motion to dismiss submitted by them as an attachment to the Declaration of Jason E. Goldstein in support of their motion to set aside entry of default. Should Defendants wish to file a motion to dismiss, they may contact the Court's clerk to obtain a hearing date prior to doing so.

Fidelity National states it was sued solely as a trustee and the only allegation against it in the Complaint is that, on January 11, 2011, it posted a notice of sale on Plaintiffs' property that was dated January 13, 2011. Fidelity National argues, even if this allegation is true, it is not a basis for monetary damages against Fidelity National and Plaintiffs cannot allege Fidelity National's actions harmed them because Fidelity National's actions were in compliance with California Civil Code § 2924f(b)(1). As Defendants have sufficiently demonstrated they have meritorious defenses for purposes of these motions, consideration of this factor also weighs in favor of setting aside the entries of default.

Defendants argue there is no prejudice to Plaintiffs in setting aside the entries of default because the defaults were only recently entered and Defendants are prepared to expeditiously proceed with the matter. Plaintiffs claim they will be prejudiced by the setting aside of the entries of default because their right to retain their residence will be jeopardized. However, this goes to the merits of Plaintiffs' claims and, as stated above, there is a strong preference for determining cases on their merits, as opposed to on default judgment. Furthermore, as Defendants acknowledge, the preliminary injunction granted by the Court will remain in effect until such time as it is dissolved by motion or by Defendants prevailing on the merits. Accordingly, consideration of the potential prejudice to Plaintiffs weighs in favor of setting aside the entries of default.

In light of the above, and the preference to hear cases on the merits absent extreme circumstances, the Court grants Defendants' motions to set aside entry of default.

**B.      Motions for Default Judgment**

Because the Court grants Defendants' motions to set aside entry of default against them, Plaintiffs' motions for default judgment are denied as moot.

**III.**

**CONCLUSION**

For the foregoing reasons, Defendants' motions to set aside entry of default are granted. Accordingly, Plaintiffs' motions for default judgment are denied as moot.

**IT IS SO ORDERED.**

DATED:  June 13, 2011

_____
HON. DANA M. SABRAW
United States District Judge