1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11    KRIS KASZUBA, et al.,                           CASE NO. 11CV129 DMS (NLS)

12                                    Plaintiffs,    **ORDER GRANTING IN PART
                                                     AND DENYING IN PART**
              vs.                                    **MOTION TO DISMISS BY**
13                                                   **DEFENDANTS OCTFCU**
                                                     **MORTGAGE CO. LLC AND**
14    FIDELITY NATIONAL DEFAULT                       **SCHOOLS FIRST FEDERAL**
      SERVICES, et al.,                               **CREDIT UNION**
15
                                     Defendants.
16

17         Pending before the Court is a motion to dismiss Plaintiffs' Complaint by Defendants OCTFCU

18    Mortgage Co. LLC ("OCTFCU") and Schools First Federal Credit Union ("SFFCU") under Federal

19    Rule of Civil Procedure 12(b)(1) and (b)(6).  (Doc. 47.)  For the following reasons, the motion is

20    granted in part and denied in part.

21                                              **I.**

22                                        **BACKGROUND**

23         This case involves a loan obtained by Plaintiffs on or about September 28, 2005, which is

24    secured by a Deed of Trust on their property.  (Complaint at ¶ 10.)  The loan was funded by OCTFCU,

25    a former affiliate of SFFCU.  (*Id.*)  Plaintiffs eventually defaulted on the loan and received a Notice

26    of Default on July 16, 2010.  (*Id.* at ¶ 14.)  The Notice of Default also included a Substitution of

27    Trustee substituting in Defendant Fidelity National Default Services ("Fidelity") as the Trustee.  The

28    Substitution of Trustee was signed on October 21, 2010 by SFFCU, as successor in interest to

OCTFCU.  (*Id.* at ¶ 15.)  However, it was notarized on October 19, 2010.  (*Id.*)  A Notice of Sale was posted on the front of the complex in which Plaintiffs' property is located on January 11, 2011 by Fidelity, although it was dated January 13, 2011.  (*Id.*)  A foreclosure sale was scheduled for February 4, 2011.  (*Id.* at 1.)

On January 21, 2011, Plaintiffs filed a Complaint against Defendants Fidelity, OCTFCU, and SFFCU.  (Doc. 1.)  The Complaint sets forth eight claims for relief: (1) unfair and deceptive practices, (2) negligence, (3) breach of fiduciary duties, (4) fraud, (5) predatory lending practices, (6) to set aside and vacate the trustee's sale, (7) rescission of the Deed of Trust, and (8) application for a temporary restraining order ("TRO").  On January 24, 2011, the Court issued an Order denying Plaintiffs' application for a TRO. (Doc. 2.)  On February 2, 2011, Plaintiffs filed an amended motion for a TRO and preliminary injunction, seeking this Court's order enjoining the foreclosure sale.  (Doc. 4.)  The Court issued an Order on February 4, 2011 granting Plaintiffs' amended motion for a TRO and ordering Defendants to show cause, on or before February 8, 2011, why a preliminary injunction should not be issued enjoining Defendants from taking such actions until the termination of this case.  (Doc. 5.)  The Court scheduled a hearing on Plaintiffs' motion for a preliminary injunction for February 10, 2011.  Plaintiffs appeared at the hearing, but Defendants did not.  The Court issued an Order granting Plaintiffs' motion for a preliminary injunction on February 10, 2011.  (Doc. 16.)

On March 14, 2011, upon request by Plaintiffs, the Clerk entered default as to each of the Defendants.  (Doc. 23.)  OCTFCU and SFFCU filed a motion to set aside entry of default on April 4, 2011, which the Court granted on June 17, 2011.  (Docs. 27, 46.)  OCTFCU and SFFCU filed the instant motion to dismiss on June 17, 2011.  (Doc. 47.)  Plaintiffs filed an Opposition and Defendants filed a Reply.  (Docs. 50, 52.)

## II.

## DISCUSSION

### A.    Rule 12(b)(1) Motion

As an initial matter, OCTFCU and SFFCU move to dismiss Plaintiffs' Complaint on the basis that the Court lacks subject matter jurisdiction over the action.  Defendants argue there are no claims in the Complaint which arise under federal law and the parties are not of diverse citizenship because,

at a minimum, Plaintiffs and OCTFCU are both citizens of California. *See* 28 U.S.C. § 1332. Plaintiffs state in their Complaint that the Court has jurisdiction pursuant to the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection Practices Act ("FDCPA"), although the Complaint itself does not explicitly state claims for relief under these statutes. (*See* Complaint at 2.) The Complaint does, however, state Defendants engaged in acts contrary to state and federal law and attaches the notice provided to Plaintiffs by Defendants pursuant to the FDCPA. (*See id.* at ¶ 33.) The Court liberally construes *pro se* Plaintiffs' Complaint as stating sufficient claims arising under federal law to sustain this Court's subject matter jurisdiction over the action. Accordingly, Defendants' motion to dismiss on this basis is denied.

**B.      Rule 12(b)(6) Motion**

      **1.      Legal Standard**

A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

//

1       **2.      Discussion**

2               **a.      Unfair and Deceptive Practices**

3       Plaintiffs do not specify under what statute they state a claim for unfair and deceptive practices.

4  However, Defendants interpret Plaintiffs' claim as being pursuant to California Business and

5  Professions Code § 17200.  Section 17200 prohibits unfair competition, defined as "any unlawful,

6  unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "Because Business and

7  Professions Code section 17200 is written in the disjunctive, it established three varieties of unfair

8  competition–acts or practices which are unlawful, unfair, or fraudulent."  *Cel-Tech Commc'ns, Inc.*

9  *v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999)(citation omitted).  "By proscribing 'any

10 unlawful' business practice, section 17200 borrows violations of other laws and treats them as

11 unlawful practices that the unfair competition law makes independently actionable." *Id.* (citation and

12 internal quotations omitted).  A business practice is "fraudulent" within the meaning of § 17200 if

13 members of the public are likely to be deceived.  *Prata v. Superior Court*, 91 Cal. App. 4th 1128, 1146

14 (2001)(citing *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal.3d 197, 211 (1983)).

15 "[A]n 'unfair' business practice occurs when that practice 'offends an established public policy or

16 when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

17 consumers.'"  *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719 (2001)(quoting

18 *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984)).

19      Defendants argue Plaintiffs' claim for violation of § 17200 is based entirely on Plaintiffs'

20 allegations regarding the inaccurate dates on the Notice of Sale provided by Fidelity and on the

21 Substitution of Trustee by SFFCU, and not on any substantive errors in these documents.  They argue

22 § 17200 liability as to them may not be based upon vicarious liability for actions taken by Fidelity, *see*

23 *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002), and that Plaintiffs have not

24 sufficiently alleged reliance on the Notice of Sale or Substitution of Trustee to their detriment, *see*

25 *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010).  They further argue the claim must

26 be dismissed as to OCTFCU because it was not involved in the foreclosure process on Plaintiffs'

27 property and any claim based upon activity at the time of the loan origination would be time-barred

28 under the four-year statute of limitations applicable to claims under § 17200.  *See* Bus. & Prof. Code

§ 17208.  Finally, Defendants argue Plaintiffs have not adequately plead a plausible claim that Defendants engaged in any unlawful, unfair, or fraudulent conduct because, although the signing dates on the documents are inaccurate, the substance of the documents was not.

Although Courts since *Emery* have found that liability under § 17200 may, in some cases, attach to a party that aids and abets a violation of the statute, the Court agrees with Defendants here that Plaintiffs have not sufficiently pled a plausible claim for unfair or deceptive practices. Accordingly, Defendants' motion to dismiss this claim is granted without prejudice.

### b.    Negligence

To establish a claim for negligence under California law, a party must show (1) a legal duty to exercise due care, (2) a breach of that duty, and (3) that the breach was the proximate or legal cause of the resulting injury.  *Stuart v. U.S. Gov't*, 797 F. Supp. 800, 804 (C.D. Cal. 1992).  Plaintiffs allege "OCTFCU and SFFCU owed a duty of care and fiduciary duty to the Plaintiffs as Mortgage lenders and Holders of the Noted and Deed of Trust."  (Complaint ¶ 17.)  Generally, however, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991).  Plaintiffs have not alleged Defendants engaged in conduct exceeding the scope of their conventional roles as lenders of money. Accordingly, Defendants' motion to dismiss this claim is granted without prejudice.

### c.    Breach of Fiduciary Duty

Plaintiffs state a claim for breach of fiduciary duty against Defendants.  However, as stated above, the relationship between a lending institution and a borrower is not fiduciary in nature. *Nymark,* 231 Cal. App. 3d at 1092 n.1; *see also Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 981 (1993).  A fiduciary relationship arises only where the lender takes on a special relationship with the borrower, and Plaintiffs fail to allege facts giving rise to such a special relationship here.  Accordingly, the Court grants Defendants' motion to dismiss this claim without prejudice.

### d.    Fraud

To recover for common law fraud under California law, Plaintiffs must demonstrate: (1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5)

resulting damage. *Lazar v. Super. Ct.,* 12 Cal.4th 631, 638 (1996). Fraud claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C. D. Cal. 2003). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003). A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)(quotation omitted). The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04. In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (quotation omitted).

Plaintiffs' claim for fraud is based on their allegations regarding the inaccurate signing dates in the documents and the fact that OCTFCU was no longer licensed as a mortgage lender as of March 4, 2009. (Complaint ¶ 27.) OCTFCU argues there was no misrepresentation to Plaintiffs regarding its license status because it was licensed when it funded the loan to Plaintiffs in 2004. As to the incorrect signing dates, Defendants argue Plaintiffs have failed to allege that the addresses were intentionally incorrect or that they justifiably relied on the incorrect dates, as the substantive information in the documents was correct. The Court agrees the allegations regarding OCTFCU's license status are insufficient to state a plausible claim for fraud, and Plaintiffs have failed to sufficiently allege intent with respect to the incorrect dates. Accordingly, Defendants' motion to dismiss the claim for fraud is granted without prejudice.

### e.      Predatory Lending Practices

Plaintiffs do not indicate under which statute they bring their claim for predatory lending practices. California Financial Code §§ 4970, *et. seq.,* prohibits predatory lending practices of "covered loans." It defines "covered loans" as:

> (b) "Covered loan" means a consumer loan in which the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:

(1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.

(2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

Cal. Fin. Code § 4970(b).  However, Plaintiffs make no allegations regarding the status of their loan under § 4970.

Plaintiffs do allege Defendants "offered home loans through their Credit Union to their private for profit company and it appears that they approved loans easily for individuals who may not have otherwise qualified for the home loan." (Complaint ¶ 29.)  Defendants interpret Plaintiffs' claim as an additional claim for violation of § 17200.  To the extent Plaintiffs intend to allege Defendants' practice in offering loans was unfair, fraudulent, or unlawful pursuant to § 17200, they have failed to plead sufficient factual allegations to state a plausible claim for violation of the statute on this basis. Accordingly, Defendants' motion to dismiss this claim is granted without prejudice.

### f.        To Set Aside and Vacate the Trustee's Sale

Plaintiffs allege the Defendants "have made numerous irregularities, deceptive practices and breach of Fiduciary Duties that warrant the Trustee's Sale, Notice of Default and foreclosure to be set aside, vacated and voided." (Complaint ¶ 31.)  Defendants argue this claim should be dismissed because no trustee's sale has yet occurred and there is, accordingly, nothing to set aside or vacate. They further argue the claim should be dismissed because Plaintiffs have not alleged tender.  The Court agrees.  Plaintiffs' Complaint essentially seeks declaratory relief as to the validity of the Substitution of Trustee and the Notice of Sale.  However, as no trustee's sale has yet occurred, there is not a trustee's sale for the Court to vacate.  Furthermore, the Court has discretion to condition a finding regarding the validity of a nonjudicial foreclosure upon Plaintiffs' allegations of tender.  The tender requirement–an allegation of payment of the indebtedness or an offer in good faith and the ability to pay the indebtedness–applies to any claim for relief for irregularity in a foreclosure sale. *Abdallah v. United Sav. Bank,* 43 Cal. App. 4th 1101, 1109 (1996); *Karlsen v. Am. Sav. & Loan Ass'n.*, 15 Cal. App. 3d 112, 117 (1971).  Here, Plaintiffs have made no allegation of tender or the ability to

tender in the Complaint.  Accordingly, Defendants' motion to dismiss this claim is granted without prejudice.

### g.    Rescission of the Deed of Trust

Defendants argue rescission is a remedy and not a claim for relief and, therefore, this claim should be dismissed with prejudice.  The Court is not persuaded by Defendants' argument.  However, Plaintiffs have failed to plead sufficient factual allegations to state a plausible claim for rescission of the Deed of Trust pursuant to either TILA or California Civil Code § 1689(b)(1).  Accordingly, Defendants' motion to dismiss this claim is granted without prejudice.

### h.    TRO

As Defendants correctly argue, injunctive relief is a remedy and not a claim for relief, and Plaintiffs have previously moved for and received such relief by way of separate motion.  Accordingly, the motion to dismiss Plaintiffs' claim for a TRO is granted with prejudice.

### III.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part.  Plaintiffs may file an Amended Complaint consistent with this Order on or before August 29, 2011.

**IT IS SO ORDERED.**

DATED:  August 12, 2011

_____
HON. DANA M. SABRAW
United States District Judge