UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS KASZUBA, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> FIDELITY NATIONAL DEFAULT SERVICES, *et al.*, <br><br> Defendants. | CASE NO. 11cv129 DMS (NLS) <br><br> **ORDER GRANTING MOTION TO DISMISS FILED BY OCTFCU MORTGAGE CO. AND SCHOOLSFIRST FEDERAL CREDIT UNION, AND DENYING AS MOOT MOTION TO DISMISS FILED BY FIDELITY NATIONAL DEFAULT SERVICES** |

In this mortgage foreclosure action, Defendants OCTFCU Mortgage Co. LLC ("OCTFCU"), SchoolsFirst Federal Credit Union ("SFFCU," collectively the "Credit Union Defendants") and Fidelity National Default Services ("FNDS") filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs opposed the motions and Defendants replied. For the reasons which follow, the Credit Union Defendants' motion to dismiss is **GRANTED** and FNDS' motion to dismiss is **DENIED AS MOOT**.

**Factual and Procedural Background**

According to Plaintiffs' allegations and the documents filed with Defendants' motions,[1] on or about September 28, 2005 Plaintiffs borrowed $443,200, secured by a Deed of Trust on their condominium ("Property"). The loan was funded by OCTFCU, a former affiliate of SFFCU. Among

---

[1] The Court takes judicial notice of the Deed of Trust because it is a public record. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

other things, Plaintiffs contend they were defrauded because they did not find out until closing that the lender would not be SFFCU, their non-profit credit union, but OCTFCU, its for-profit affiliate.

Plaintiffs eventually defaulted on the loan. They fault the Credit Union Defendants for failing to assist them by modifying the loan or allowing a short sale. A Notice of Default was recorded on July 12, 2010. Plaintiffs claim the notice was invalid because it was signed by FNDS as the Trustee, but FNDS was not substituted as the Trustee until October 2010. Furthermore, when the Notice of Default was signed, FNDS had not yet registered its fictitious business name. The Substitution of Trustee was signed on October 21, 2010 and substituted FNDS as the Trustee. Plaintiffs contend the Substitution of Trustee was invalid because it was notarized two days before it was signed. A Notice of Sale was recorded on January 18, 2011, setting the date of sale for February 4, 2011.

On January 21, 2011, Plaintiffs, proceeding *pro se*, filed the instant action and immediately applied for a temporary restraining order ("TRO"). Their amended motion for a TRO was granted on February 4, 2011. The order enjoined the foreclosure sale and ordered Defendants to show cause why a preliminary injunction should not be issued. Because Defendants did not respond to the order to show cause, a preliminary injunction was issued on February 10, 2011.

On August 12, 2011, the Court granted in part and denied in part the Credit Union Defendants' motion to dismiss with leave to amend. FNDS's motion to dismiss was denied as moot on September 8, 2011 because Plaintiffs had filed their first amended complaint. In the first amended complaint, Plaintiffs did not address their claims against FNDS (First Am. Compl. at 2), although FNDS was a named Defendant in the initial and the first amended complaints. Instead, they requested an opportunity to file a separate first amended complaint against FNDS at a later date. (*Id*.)

All three Defendants filed motions to dismiss the first amended complaint, which are pending before the Court. In response to the motions and prior to filing their opposition briefs, Plaintiffs filed a motion for leave to amend together with a proposed second amended complaint. The Court issued an order to show cause why Plaintiffs' motion should not be granted and Defendants' motions denied as moot. Based on the Credit Union Defendants' objections, Plaintiffs' motion was denied on November 21, 2011. The motion is construed as a request for leave to amend and the proposed second amended complaint, which addresses claims against all three Defendants, is considered together with

Plaintiffs' opposition to the pending motions. Except for objecting to a request for judicial notice, however, Plaintiffs' opposition briefs do not substantively address Defendants' arguments.

Although they filed their proposed second amended complaint with the benefit of two rounds of motion to dismiss briefing, with the exception of alleging violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), as a separate cause of action against the Credit Union Defendants,[2] Plaintiffs' proposed second amended complaint is not substantially different from their first amended complaint. In their proposed second amended complaint, they asserted eleven causes of action: (1) fraud and fraudulent conduct; (2) unfair and deceptive practices;[3] (3) negligence; (4) breach of fiduciary duty; (5) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), against the Credit Union Defendants only; (6) violation of the Federal Credit Union Act, 12 U.S.C. § 1751 *et seq.* ("FCUA"), against the Credit Union Defendants only; (7) violation of California Civil Code Sections 2923.5 and 2923.6; (8) request to vacate and void Notice of Default and Notice of Trustee's Sale; (9) rescission of the Deed of Trust against the Credit Union Defendants only; (10) predatory lending practices against the Credit Union Defendants only; and (11) TILA violation against the Credit Union Defendants only. Plaintiffs alleged subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 based on their federal claims,[4] and supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. Section 1367(a). (First Am. Compl. at 3; Proposed Second Am. Compl. at 3.)

## Discussion

Defendants move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d

---

[2] Although the first amended complaint did not set forth a separate TILA claim, it did contain allegations for rescission under TILA. (First Am. Compl. at 20-21.)

[3] In the first round of motion to dismiss briefing this claim was construed as alleging a claim under California Business & Professions Code Section 17200 *et seq.* (*See* Order dated Aug. 12, 2011 at 4-5.)

[4] Since inception Plaintiffs have based federal jurisdiction on the alleged TILA, RESPA and FDCPA violations. (Compl. at 2.) The Credit Union Defendants' initial motion to dismiss sought dismissal in part pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs could not state a claim for any of these federal claims. The Court declined to dismiss the case on subject matter jurisdiction grounds at that time because Plaintiffs were granted leave to amend the TILA claim for rescission. (*See* Order dated Aug. 12, 2011 at 8.)

729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

In this regard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Because Plaintiffs are proceeding *pro se*, their pleadings are "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

### Real Estate Settlement Procedures Act

Plaintiffs' RESPA claim is based on the allegations that the Credit Union Defendants did not provide them with an accurate and proper good faith estimate and HUD-1 statement in violation of 12 U.S.C. Section 2605. (First Am. Compl. at 17; Proposed Second Am. Compl. at 18.) The Credit

1  Union Defendants argue the claim should be dismissed because there is no private right for action for
2  the alleged violations. Plaintiffs did not respond to this argument in their opposition.

3  Section 2605 addresses loan servicing. Plaintiffs have not alleged that either Credit Union
4  Defendant was the loan servicer. Furthermore, the claim is based on the disclosures made when
5  Plaintiffs took out the loan, and not on loan servicing. Accordingly, sections 2603 and 2604, which
6  address disclosures, apply to Plaintiffs' claim. RESPA does not provide a private right of action for
7  enforcement of these provisions. *See* 12 U.S.C. § 1614 (courts have jurisdiction over actions pursuant
8  to sections 2605, 2607 and 2608); *see also Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d
9  549, 557 (9th Cir. 2010). Accordingly, the Credit Union Defendants' motion to dismiss the RESPA
10 claim is **GRANTED**.

11 The Court construes Plaintiffs' motion for leave to file a second amended complaint as a
12 request for leave to amend, which the Credit Union Defendants oppose. Rule 15 advises the Court
13 that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy
14 is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051
15 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

19 *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is
20 not appropriate unless it is clear that the complaint cannot be saved by amendment. *Id.*

21 The Credit Union Defendants contend that granting leave to amend would be futile because
22 the claim is time barred. The facts underlying Plaintiffs' RESPA claim occurred on or about
23 September 28, 2005 when they closed the loan. (*See* First Am. Compl. at 17; Proposed Second Am.
24 Compl. at 18.) The longest statute of limitations provided under RESPA is three years from the date
25 of the occurrence of the violation. 12 U.S.C. § 2614. This action was filed January 21, 2011, or more
26 than two years after the expiration of the statute of limitations. Because untimeliness appears on the
27 face of the first amended complaint and proposed second amended complaint, *see Supermail Cargo,*

*Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995), the RESPA claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### Truth in Lending Act

Like the RESPA claim, the TILA claim is based entirely on events which took place when Plaintiffs signed the loan papers. Plaintiffs alleged that OCTFCU did not provide proper TILA disclosures and that the disclosures were given only to Mr. Kaszuba but not to Mrs. Kaszuba. (First Am. Compl. at 20-21; Proposed Second Am. Compl. at 22, 23-24.) Based on these facts, they seek to rescind the Note and Deed of Trust. (*Id.*) Pursuant to 15 U.S.C. Section 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . .." Plaintiffs' TILA claim is therefore time barred for the same reasons as their RESPA claim. Accordingly, the TILA claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### Federal Credit Union Act

Plaintiffs also alleged that the Credit Union Defendants violated the FCUA in numerous ways, including that credit union employees were not licensed mortgage loan representatives, that OCTFCU's President had a conflict of interest because he was also acting as SFFCU's Vice President of Lending, and that OCTFCU did not have the right to charge its members such as Plaintiffs for mortgage application and appraisal fees. (*See* First Am. Compl. at 17-18; Proposed Second Am. Compl. at 18-19). The Credit Union Defendants argue that no private right of action exists under the FCUA. Plaintiffs have not responded to this argument.

FCUA does not provide for enforcement through actions filed in court by private individuals. Instead, the National Credit Union Administration Board supervises federal credit unions and is vested with authority to suspend or revoke their charters for FCUA violations. 12 U.S.C. § 1766. To the extent Plaintiffs' allege the OCTFCU's President had a conflict of interest, FCUA additionally covers this issue by granting a credit unions's supervisory committee the power to suspend credit union officers. 12 U.S.C. § 1761d. The provision of these remedies in the FCUA precludes a finding that it was intended to grant a private right of action for its violations. *See Jesinger v. Nev. Fed. Credit*

*Union*, 24 F.3d 1127, 1131-32 (9th Cir. 1994.)  Because this defect cannot be cured by amendment, the FCUA claim is **DISMISSED WITHOUT LEAVE TO AMEND**.

### Fair Debt Collection Practices Act

Although Plaintiffs did not set forth a separate claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), their allegation of federal jurisdiction is based on this statute.  (*See* First Am. Compl. at 3; Proposed Second Am. Compl. at 3.)  In support of their fraud and unfair and deceptive practices claims, Plaintiffs alleged they received an unlawful notice from FNDS titled "Notice Required by the Fair Debt Collection Practice Act, 15 U.S.C. Section 1692." (First Am. Compl. at 13-14 & Ex. B; Proposed Second Am. Compl. at 14 & Ex. B.)  They claimed the notice was fraudulent because it was issued before FNDS was substituted as the Trustee under the Deed of Trust.  The Credit Union Defendants argue Plaintiffs have not alleged a viable legal theory under the FDCPA, however, Plaintiffs did not address this argument in their opposition.

The notice informed Plaintiffs that FNDS was attempting to collect a debt Plaintiffs initially owed to OCTFCU, but which was later transferred to SFFCU, it listed the amount of the debt, and stated the debt would be assumed valid unless Plaintiffs disputed it within thirty days, in which case, FNDS would provide a verification of the debt.  (First Am. Compl. Ex. B; Proposed Second Am. Compl. Ex. B.)  The FDCPA "imposes civil liability on debt collectors for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S.Ct. 1605, 1608 (2010) (internal quotation marks and brackets omitted).  "Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, communicating with consumers at an unusual time or place likely to be inconvenient to the consumer, or using obscene or profane language or violence or the threat thereof." *Id*. at 1608-09 (internal quotation marks and citations omitted).

Plaintiffs alleged, "The Notice Required by the Fair Debt Collection Practices Act . . . is not valid and [is] illegal since it was prepared on July 16, 2010 in advance of the Substitution of Trustee document dated October 19, 2011." (First Am. Compl. at 13; Proposed Second Am. Compl. at 14.) The notice, however, indicates that FNDS was acting as a debt collector and not as the Trustee.  It is therefore irrelevant that it was issued by FNDS before FNDS was substituted as the Trustee.

1    Elsewhere in their complaint Plaintiffs also suggested that FNDS could not sign any legal
2 documents until it had registered its fictitious business name on October 19, 2010. (First Am. Compl.
3 at 6, 10-11, 13; Proposed Second Am. Compl. at 5, 9, 10, 13-14.) This is not the case. The law does
4 not require a business to register its fictitious name before it can start using it. *See* Cal. Bus. & Prof.
5 Code § 17910. That FNDS registered its fictitious business name at a later date is irrelevant. A
6 fictitious business name is just that -- a fiction, and registering it does not create a new legal entity
7 distinct from the one that operates the business. *Providence Wa. Ins. Co. v. Valley Forge Ins. Co.*, 42
8 Cal. App. 4th 1194, 1200 (1996); *see also* Bus. & Prof. Code § 17900 *et seq*. The penalty for failing
9 to register is that the business entity operating under the fictitious name cannot sue under that name
10 until after the name is registered, Cal. Bus. & Prof. Code § 17918, and is not entitled to the
11 presumption of exclusive right to use the name, Cal. Bus. & Prof. Code § 14411. Accordingly, the
12 fact that FNDS did not register the fictitious business name does not support Plaintiffs' FDCPA claim.
13 Based on the foregoing, Plaintiffs cannot state a claim under the FDCPA. Because the claim cannot
14 be cured by amendment, it is **DISMISSED WITHOUT LEAVE TO AMEND**.

15    In the alternative, to the extent Plaintiffs relied on the alleged FDCPA violation solely in
16 support of their fraud and unfair business practices claims, this is insufficient to support federal
17 jurisdiction under 28 U.S.C. Section 1331, whether or not they sufficiently alleged an FDCPA
18 violation. The FDCPA notice was alleged as one example of Defendants' several allegedly fraudulent
19 actions and violations of California Business and Professions Code Section 17200 *et seq*. (First Am.
20 Compl. at 14; Proposed Second Am. Compl. at 14.) "[F]or a state law claim to provide a basis for
21 federal jurisdiction, the state law claim must 'turn on substantial questions of federal law,' and 'really
22 and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of
23 [federal] law.'" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and*
24 *Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) quoting *Grable & Sons Metal Prods., Inc. v. Darue*
25 *Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Plaintiffs provided no indication that their "right to relief
26 necessarily depends on resolution of a substantial question of federal law" under the FDCPA, *id*. at
27 1100, or that any state law claim "really and substantially involv[es] a dispute or controversy
28 respecting the validity, construction or effect of [federal] law," *id*. at 1102.

**State Law Claims**

Because all of Plaintiffs' federal claims are dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3). The state law claims are therefore **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Defendants OCTFCU Mortgage Co. LLC and SchoolsFirst Federal Credit Union is **GRANTED**.

2. The motion to dismiss filed by Defendant Fidelity National Default Services is **DENIED** as moot.

3. Plaintiffs' claims for violations of the Real Estate Settlement Procedures Act, Truth in Lending Act, Federal Credit Union Act, and Fair Debt Collection Practices Act are **DISMISSED WITH PREJUDICE**. Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5. The Clerk is hereby directed to enter judgment consistent with this order.

**IT IS SO ORDERED.**

DATED: January 3, 2012

HON. DANA M. SABRAW
United States District Judge